IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| JOHN GUMBS, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL NO. 2011-44 |
| GOVERNMENT OF THE VIRGIN ISLANDS, DEPARTMENT OF EDUCATION, LAVERNE TERRY, Commissioner of Education, AUBREY LEE, (Chairman of PERB), JEANETTE SMITH-BARRY, Superintendent Of Schools-St. Thomas/St. John, DONNA FRETT-GREGORY, Assistant Commissioner, KAREN BLYDEN, Education Personnel Director, In Their official and individual Capacities, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's motion for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1).

## RELEVANT FACTS

Plaintiff alleges that on November 12, 2008, he was arrested and charged in a four-count Information. (Pltf.'s Cmplt. (ECF 1), p. 4) His trial commenced on March 1, 2010, and on March 3, 2010, he was convicted on two of the four counts. (*Id.*) On or about May 17, 2010, he received a letter from Governor John P. de Jongh, Jr., advising him that his employment with the Government of the Virgin Islands had been terminated

effective February 24, 2010. (*Id.* at p. 5) Plaintiff was terminated while he was on medical leave and before the commencement of the trial. (*Id.*)

Plaintiff brings this action against defendants for wrongful termination under 42 U.S.C. § 1983, alleging that he was terminated without due process. He seeks, among other relief, reinstatement to his job, retroactive wages in accordance with a collective bargaining agreement, and a declaration that his 5th, 6th, and 14th Amendment rights to due process and equal protection were violated.

## LEGAL STANDARD

Indigent civil litigants do not have a constitutional or a statutory right to appointed counsel.[1] Under 28 U.S.C. § 1915(e)(1), however, a court "may request an attorney to represent any person unable to afford counsel." The United States Court of Appeals for the Third Circuit has interpreted § 1915(e)(1) "as affording district courts 'broad discretion' to determine whether appointment of counsel in a civil case would be appropriate."[2] In deciding whether to appoint counsel, a court must first make a threshold assessment of "whether the claimant's case has some arguable merit in fact and law."[3] If the claimant overcomes this initial hurdle, then the court should consider the following factors:

1. the plaintiff's ability to present his or her own case;
2. the difficulty of the particular legal issues;

---

[1] *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997)).

[2] *Montgomery,* 294 F.3d at 498 (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)).

[3] *Montgomery*, 294 F.3d at 498-99 (citations omitted).

    3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
    4. the plaintiff's capacity to retain counsel on his or her own behalf;
    5. the extent to which a case is likely to turn on credibility determinations, and; [sic]
    6. whether the case will require testimony from expert witnesses.[4]

In *Gordon v. Gonzalez*,[5] the Third Circuit enunciated two additional factors a court should also take into consideration: "1) The Court's willingness to aid the indigent party in presenting his or her case by, for example, explaining how to introduce and move the admission of evidence; and 2) The supply of attorneys willing to take § 1915(e) requests in the geographic area of the litigation."[6]

## ANALYSIS

Based on the allegations set forth in the complaint, the Court cannot state, without more, that plaintiff's claim is without merit in fact and law.[7] Accordingly, the Court finds that plaintiff has met the threshold requirement in its consideration of whether counsel should be appointed. As such, the Court will consider additional factors in determining whether plaintiff would be eligible for appointed counsel.

First, plaintiff appears to have the ability to present his case. The complaint and its exhibits and plaintiff's filings to date demonstrate that plaintiff has a fundamental

---

[4] *Montgomery,* 294 F.3d at 499 (citing *Tabron v. Grace*, 6 F.3d at 155-57).

[5] 232 Fed. Appx. 153 (3d Cir. 2007).

[6] *Id.* at 156 n.4.

[7] Among other relief, plaintiff seeks reinstatement to his job, which is a permissible remedy under 42 U.S.C. § 1983. *Feldman v. The Philadelphia Housing Authority*, 43 F.3d 823, 831 (3d Cir. 1994). Actions seeking prospective injunctive relief against the Territory of the Virgin Islands or its officers acting in their official capacities are permissible under 42 U.S.C. § 1983. *Iles v. de Jongh*, 638 F.3d 169, 177-78 (3d Cir. 2011).

understanding of the law and the Court's procedures. Additionally, he articulates his legal arguments clearly and precisely. Second, the issues presented here are not difficult. It must be decided if plaintiff was entitled to due process before he was terminated and, if so, whether he received such process. Third, it is likely that the necessary factual investigation would focus on such questions as: (1) whether plaintiff's arrest and/or conviction constituted grounds for his termination under his collective bargaining agreement or otherwise; (2) whether there was a procedure set forth in the collective bargaining agreement for the process in the event of termination; (3) whether the parties complied with the procedure; and (4) whether plaintiff was required to maintain a grievance with the Public Employees Relations Board before filing this action. Presumably, plaintiff may obtain a copy of the collective bargaining agreement and he would have first-hand knowledge of the process he received. Plaintiff appears capable of conducting the necessary factual inquiry.

Regarding the next factor, the Court has granted plaintiff's application to proceed *in forma pauperis*, evidencing his inability to retain counsel. Further, credibility determinations are not likely to be an issue here. Next, it does not appear likely that expert testimony would be necessary in this matter. And, as with all litigants, plaintiff will be required to be familiar with the Court's practice and procedure. Finally, in this Court, there is no process whereby members of the bar may be appointed to provide *pro bono* representation to civil indigent litigants.

Having considered the factors, the Court finds that this case is relatively straight forward, presenting primarily the issue of what process, if any, must plaintiff's employer

Case: 3:11-cv-00044-CVG-RM   Document #: 14   Filed: 03/21/12   Page 5 of 5

*Gumbs v. Government of the Virgin Islands, et al.*
Civil No. 2011-44
Memorandum and Order
Page 5

have offered him in terminating his employment. Further, the Court finds that plaintiff appears capable of obtaining the information needed to prosecute his case. As such, given the legal issues presented and plaintiff's apparent capabilities, the Court finds that appointed counsel is not warranted here. Accordingly, is hereby ORDERED that plaintiff's motion is DENIED.

S\_____
        **RUTH MILLER**
        United States Magistrate Judge